IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DWAYNE E. BANKS, ID # 07068402, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:08-CV-0474-K (BH) |
| ) | ECF |
| D. GAMMON, et al.,[1] ) | Referred to U.S. Magistrate Judge |
|     Defendants. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Pursuant to 42 U.S.C. § 1983, Plaintiff filed this action in March 2008 while a pretrial detainee in the Dallas County Jail. He sues Deputy Sheriff D. Gammon (Gammon), Dallas County Sheriff Lupe Valdez (Valdez), District Attorney Craig Watkins (Watkins), and the City of Dallas. (Compl. at 1, 3; Answer to Questions 1 and 6 of Magistrate Judge's Questionnaire (MJQ).[2])

Plaintiff claims that Deputy Gammon used excessive force against him after a traffic stop, Sheriff Valdez allowed a cover up of Gammon's actions; and DA Watkins disallowed evidence of Gammon's crime. (Compl. at 3; Answers to Questions 2, 6, and 7 of MJQ.) Plaintiff contends he sent Valdez a letter to notify her of Gammon's actions and she is investigating his case, but he is still

---

[1] Plaintiff initially listed the "Dallas County Sheriff [sic] Department" as the first named defendant. Because he recently dropped that entity as a defendant, the Court modifies the caption accordingly.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

"being held illegally because [he] was incoherent at arraignment." (*See* Answer to Question 6 of MJQ.) According to Plaintiff, the personal involvement of Watkins is obvious from his continued detention without a trial. (*See* Answer to Question 7 of MJQ.) Plaintiff's claim against the City of Dallas is premised on his belief that "the Dallas County Sheriffs [sic] Department is the City of Dallas!" (Answer to Question 1 of MJQ.)

Plaintiff has three current criminal proceedings pending against him that stem from the incident with Gammon – (1) aggravated assault of a public servant and "DW/2nd", (2) evading arrest and "Det MV", and (3) failing to identify fugitive intent and giving false information. (Answer to Question 5 of MJQ.) Each of these proceedings are set to go to jury trial on June 2, 2008. (*Id.*) Plaintiff seeks monetary damages "for pain [and] suffering, false imprisonment, unlawful arraignment, unlawful indictments, no timely arraignment, [and] illegal incarceration." (Compl. at 4.) As already mentioned, he also asserts a claim of excessive force against Gammon. (*See* Answer to Question 2 of MJQ.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner[3] who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity and an officer or employee of such an entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivo-

---

[3] Sections 1915(h) and 1915A(c) define prisoner as including individuals "detained in any facility who is accused of . . . violations of criminal law."

2

lous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983

Plaintiff seeks monetary relief[4] under 42 U.S.C. § 1983 for alleged acts and/or omissions related to alleged excessive force by Deputy Gammon and subsequent false imprisonment. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

**A. *Heck* Bar**

The Court first notes that *Heck v. Humphrey*, 512 U.S. 477 (1994) dictates dismissal of a civil

---

[4] In his answers to the MJQ, Plaintiff also mentions that Watkins knows that Plaintiff has "no legal charges against" him, but will not release him. (*See* Answer to Question 7 of MJQ.) To the extent Plaintiff seeks release from detention, a habeas action, not a civil rights action, is the proper vehicle for obtaining release or speedier release from alleged unconstitutional incarceration or detention. Release from imprisonment is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

3

complaint when a successful civil rights action would necessarily imply the invalidity of the plaintiff's conviction or sentence. The Supreme Court, however, has refused to extend *Heck* to pending criminal matters. *See Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007). Because Plaintiff has not yet been convicted on the charges pending against him, *Heck* has no applicability at this time. Nevertheless, *Heck*'s present inapplicability does not eviscerate its impact on the instant action. To the contrary, when *Heck* may have future implications in a particular case, the civil case should be stayed "until the criminal case or the likelihood of a criminal case is ended." *See id.*; *accord Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 Fed. App'x 613, 613 (5th Cir. 2005) (per curiam).

To determine the potential applicability of *Heck*, the Court must consider the nature of the charges pending against Plaintiff and the nature of the civil claims he has asserted. *Arnold v. Town of Slaughter*, No. 03-30941, 2004 WL 1336637, at *2 (5th Cir. June 14, 2004) (citing *Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996)). Plaintiff here seeks monetary relief for alleged excessive force by Gammon and subsequent "false imprisonment". However, because Plaintiff is facing a charge for aggravated assault of a public servant arising from the incident with Gammon, *Heck* may bar Plaintiff's excessive force claim were he to be convicted of that charge. *See, e.g., Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000); *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999). In addition, a false imprisonment claim arising after an alleged wrongful conviction may be barred by *Heck*. *See Perry v. Holmes*, 152 Fed. App'x 404, 405 (5th Cir. 2005) (per curiam); *accord Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007) (holding that *Heck* does not apply to anticipated convictions but stating in dictum that a false imprisonment claim which impugns a conviction would be barred by *Heck*). In light of the potential future applicability of *Heck*, the Court may properly stay the

4

instant action.

That a stay is appropriate in this case does not preclude the Court from screening "claims against certain party-defendants on other grounds apparent in the record." *Busick v. City of Madison, Miss.*, 90 Fed. App'x 713, 713 (5th Cir. 2004) (per curiam). Although *Heck* might ultimately provide a reason to dismiss this action, the Court may sidestep *Heck* "when the case presents issues that are appropriate for early and final determination." *Solesbee v. Nation*, No. 3:06-CV-0333-D, 2008 WL 244343, at *8 (N.D. Tex. Jan. 29, 2008) (accepting findings and recommendation of Mag. J.). For example, issues of immunity should be determined as early in the proceedings as possible. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Additionally, the courts properly make an early determination regarding whether an individual or entity is a proper party to the litigation. *See Solesbee*, 2008 WL 244343, at *8 (accepting recommendation that private actors should be dismissed early in § 1983 proceedings); *Reed v. City of Dallas*, No. 3:05-CV-0004-G, 2006 WL 1876638, at *3-4 (N.D. Tex. June 29, 2006) (accepting recommendation that a failure to allege any official policy or custom so as to impose municipal liability provides an issue that is appropriate for early and final determination); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that improperly named entities should be dismissed early in the proceedings). The instant case likewise provides circumstances when it is appropriate to have an early and final determination of some issues presented.

## B. Prosecutorial Immunity

Plaintiff seeks monetary damages against Watkins for alleged false and illegal imprisonment stemming from disallowed evidence of Gammon's crime and alleged unlawful arraignment and

5

indictments. The claims against Watkins arise solely from his role as District Attorney. Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff in this case has made no allegation that Watkins acted other than in his adjudicative role as prosecutor. Watkins thus enjoys absolute immunity against Plaintiff's claims, and the claims asserted against him should be dismissed.

## C. Municipal Liability

Plaintiff sues the City of Dallas because he contends that it is responsible for the Dallas County Sheriff's Department. The premise for liability is factually incorrect, however, because Dallas County, rather than the City of Dallas, is the governing municipality over the Dallas County Sheriff's Department. Additionally, to hold a municipality like the City of Dallas liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005), *cert. denied*, 547 U.S. 1130 (2006); *Stephens v. Dallas County*, 3:05-CV-1009-K, 2007 WL 34827, at *5 (N.D. Tex. Jan.4, 2007). Because Plaintiff has not alleged any official policy or custom on the part of the City of Dallas that violated his constitutional rights and because neither his complaint nor the answers to the Magistrate Judge's Questionnaire show a policy or custom, his claims against the City of Dallas necessarily fail. The claims against the City of Dallas should be summarily dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's claims against Craig Watkins and the City of Dallas with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court should **STAY** this action as it pertains to Defendants

6

Gammon and Valdez, and **DIRECT** the Clerk of the Court to mark this action CLOSED for statistical purposes. Despite such closure, the Court shall retain jurisdiction and the case may be reopened if Plaintiff moves to reopen the action after the pending state criminal charges are no longer pending. Any such motion should be filed within the statutory period of limitations for Plaintiff's remaining claims or within sixty days of the date the criminal charges are no longer pending, whichever date is later.

**SIGNED this 10th day of May, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE