**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DWAYNE E. BANKS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-0474-K-BH |
| | ) | |
| D. GAMMON, et al., | ) | |
| Defendants. | ) | **Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant Valdez's Motion to Dismiss Under Rule 12(b)(1) and Rule 12(b)(6)* ("Def. Mot."), filed August 14, 2009, (doc. 22). Based on the relevant filings and applicable law, the Rule 12(b)(6) motion to dismiss should be **GRANTED**.

## I.  BACKGROUND

While a pretrial detainee in the Dallas County Jail, the plaintiff filed this action pursuant to 42 U.S.C. § 1983 in March 2008. (*See* Compl. (doc. 1) at 1; Am. Compl. (doc. 5) at 1.) On May 5, 2008, the Court received Plaintiff's answers to a court questionnaire. (*See* Answers to Magistrate Judge's Questionnaire ("MJQ"),[1] doc. 9.) In June 2008, two defendants were dismissed from the action, and the action was stayed as to the remaining defendants (D. Gammon ("Gammon") and Lupe Valdez ("Valdez")) pending resolution of criminal charges filed against the plaintiff. (*See* Orders of June 9, 2008, docs. 11-12.) In June 2009, the action was reopened on motion by the plaintiff because the criminal charges had been dismissed. (*See* Order of June 8, 2009, doc. 15.)

The plaintiff claims that Deputy Gammon used excessive force against him after a traffic

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

stop and that Sheriff Valdez allowed a cover up of Gammon's actions. (Am. Compl. at 3; Answers to Questions 2 and 6 of MJQ.) The plaintiff contends he sent Valdez a letter to notify her of Gammon's actions, and he believes she is investigating his case, but he is still "being held illegally because [he] was incoherent at arraignment." (*See* Answer to Question 6 of MJQ.) He seeks monetary damages "for pain [and] suffering, false imprisonment, unlawful arraignment, unlawful indictments, no timely arraignment, [and] illegal incarceration." (Am. Compl. at 4.)

On August 14, 2009, Valdez moved to dismiss this action for lack of jurisdiction and for failure to state a claim against her. (*See* Def. Mot. at 1-7.) The plaintiff has filed no response to the motion, and the issues are now ripe for determination.

## II.  RULE 12(b)(1) MOTION TO DISMISS

Although Valdez seeks dismissal under Fed. R. Civ. P. 12(b)(6), she also challenges this Court's jurisdiction over this case. (*See* Def. Mot. at 3-5.) A motion to dismiss for lack of subject matter jurisdiction is properly brought pursuant to Rule 12(b)(1).

## A. <u>Legal Standard</u>

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Considering Rule

12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.  When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction.  *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998).  "If sufficient, those allegations alone provide jurisdiction." *Id.*  Facial attacks are usually made early in the proceedings. *Id.*  When the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist.  *Ramming*, 281 F.3d at 161.

In this case, Defendant does not support her 12(b)(1) motion with evidence.  She merely presents a facial attack that does not require the Court to resolve matters outside the pleadings.  *See Ramming*, 281 F.3d at 161; *Williamson*, 645 F.2d at 412-13.

**B. <u>Standing</u>**

Valdez argues that the Court lacks jurisdiction because the plaintiff has not alleged that he was injured as a result of her alleged cover-up.  (Def. Mot. at 4.)  Although Valdez argues that the plaintiff has failed to satisfy the case or controversy constitutional requirement as set out in *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) and "also lacks standing" (Def. Mot. at 4), both arguments are based on standing.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue."  *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  This requirement, like other jurisdictional requirements, is "not subject to waiver."  *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996).  The Supreme Court, furthermore, "insist[s] on strict compliance" with the requirement.  *Raines*, 521 U.S. at 819.  To meet the standing requirement plaintiffs "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  *Id.* at 818 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  As stated in *Lyons*, to satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."  461 U.S. at 101-02 (citations and internal quotation marks omitted) (addressing standing to sue).  "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the defendant."  *Lewis v. Knutson*, 699

4

F.2d 230, 236 (5th Cir. 1983).

In this case, the plaintiff has alleged that Valdez allowed a cover up of an officer's alleged

unlawful actions and unconstitutionally held him after an unlawful arraignment.  He seeks monetary

damages for false imprisonment and illegal incarceration, among other things.  The plaintiff's

amended complaint with his answers to the MJQ provides a sufficient basis for finding that he has

standing to sue Valdez.  Liberally construed, his complaint alleges a personal injury, *i.e.*, illegal or

false imprisonment, that is fairly traceable to Valdez.[2]  The Court should deny the motion to dismiss

to the extent it seeks dismissal under Rule 12(b)(1).

### III.  RULE 12(b)(6) MOTION TO DISMISS

Valdez has also moved to dismiss this action against her pursuant to Fed. R. Civ. P. 12(b)(6)

for failure to state a claim upon which relief can be granted.  (Def. Mot. at 5-7.)

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*,

646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the

pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190,

196 (5th Cir. 1996).  It is well-established that "*pro se* complaints are held to less stringent standards

than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel,

pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid

---

[2]  The Court recognizes that Valdez also alleges that she was not personally involved in the constitutional violations alleged by Plaintiff.  A finding that a claim is "fairly traceable" to a particular defendant does not foreclose an ultimate finding that such defendant had no personal involvement.  When there is "the potential for [a] private cause of action", the Court appropriately finds jurisdiction, "and proceeds to consider the claims on the merits." *Canfield v. Baylor Med. Ctr.*, No. 3:05-CV-1828-D, 2006 WL 2460554, at *4 (N.D. Tex. Aug. 23, 2006) (accepting amended recommendation of Mag. J.) (citing *Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir.1985); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir.1985)).  Whether a defendant was personally involved in an alleged violation of constitutional rights goes to the merits of the claim, not whether the Court has jurisdiction over it.

dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The alleged facts must "raise a right to relief above the speculative level."  *Id*.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

The plaintiff sues Valdez under 42 U.S.C. § 1983 for allowing a cover up of Gammon's actions and for falsely or illegally imprisoning him.  That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id.*  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Valdez argues that the plaintiff has failed to state a claim upon which relief can be granted against her because he has not alleged that she was personally involved in the alleged violation of his constitutional rights.  (Def. Mot. at 5.)  She argues that the conclusory allegations that she allowed  the cover-up of a rogue officer's actions and that she was Sheriff at the time of the are

insufficient to state a claim.  (*Id.* at 6.)

## A.  Alleged Cover-up

Although the plaintiff claims that Valdez allowed a cover up of Gammon's actions, he does not directly connect the claim to any constitutional violation by Valdez.  At best, the cover-up claim could be liberally construed as a conspiracy claim cognizable under 42 U.S.C. § 1983.  *See Kadri v. Haro*, No. 1:05-CV-167-C, 2006 WL 3359426, at *7 (N.D. Tex. Nov. 20, 2006) (discussing an alleged conspiracy based upon a cover up).  A conspiracy claim, however, requires an allegation that the defendants "entered into an agreement to commit an illegal act, and [the] plaintiff's constitutional rights must have been violated." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).  Plaintiff has made no such allegation in this case.  He simply makes vague allegations that Valdez allowed a cover-up.  Conclusory allegations of a conspiracy are insufficient to support a conspiracy claim under § 1983.  *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).  Because the plaintiff has pled no facts to allege or support a conspiracy or constitutional claim against Valdez based upon allowing a cover up, this claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[3]

## B.  False or Illegal Imprisonment

Valdez argues that she cannot be held liable on the plaintiff's claim that she falsely or

---

[3]  Valdez also argues that verified filings by Plaintiff in Cause No. 3:09-CV-0184-D show that Plaintiff concedes that Gammon is not an employee or officer of Dallas County, and that Plaintiff has alleged no theory whereby she could be held personally liable for action of an officer employed in a different jurisdiction. (Def. Mot. at 6.) Similarly, she argues that she cannot be held liable on any theory of respondeat superior or vicarious liability whether or not Gammon is employed by Dallas County. (*Id.*)

It is well-settled that one cannot prevail under 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008).  Vicarious liability alone will not support a claim for relief under § 1983.  *Whitt*, 529 F.3d at 283.  A defendant cannot be held liable under such a theory simply because individuals in its employ performed acts that the plaintiff contends violated his constitutional rights. *Id.*; *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999).  To the extent Plaintiff seeks to hold Valdez liable on a theory of respondeat superior or vicarious liability, Plaintiff fails to state a claim upon which relief can be granted.

illegally imprisoned him merely because she supervises the jail in which he was confined.  (Def. Mot. at 7.)

In order to prevail against a supervisor under 42 U.S.C. § 1983, a plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000).  It is well established that § 1983 provides no means to hold "supervisory officials . . . liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)); *accord Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (holding that the acts of a subordinate "trigger no individual § 1983 liability").  There must be some showing of personal involvement by a particular individual defendant to prevail against such individual.  *Champagne*, 188 F.3d at 314; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

The plaintiff has alleged no personal involvement by Sheriff Valdez in the alleged violations of his constitutional rights.  He makes no allegation that she directly caused any alleged constitutional violation, or that she was deliberately indifferent to a violation of his constitutional rights. He identifies no specific incident or causative link between his claims and conduct on the part of Sheriff Valdez, but merely bases his claims against her on a letter he sent regarding Gammon's conduct, and his unsupported belief that she investigated his case but still held him illegally.  Given the stated basis for his claims, it is clear that his false imprisonment claims against Sheriff Valdez are based solely on her supervisory role, and they should be dismissed for failure to state a claim upon which relief may be granted.  The alleged facts do not raise a right to relief above the

8

speculative level or state a plausible claim against Valdez.[4]

## IV. CONCLUSION

*Defendant Valdez's Motion to Dismiss Under Rule 12(b)(1) and Rule 12(b)(6)*, filed August

14, 2009 (doc. 22), should be granted to the extent it seeks dismissal pursuant to Fed. R. Civ. P.

12(b)(6), and the plaintiff's claims against Defendant Valdez should be dismissed for failure to state

a claim upon which relief can be granted.  The Court should otherwise **DENY** the motion.

**SO RECOMMENDED on this 18th day of September, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Valdez also argues that the plaintiff's confinement was pursuant to court order and that she is thus absolutely immune as a matter of law.  (Def. Mot. at 7.)  Absolute immunity extends to officials who perform judicial functions in accordance with a court directive. *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).  Because Plaintiff has merely alleged supervisory liability against Sheriff Valdez for his alleged false or illegal imprisonment, there is no need to determine whether she enjoys absolute immunity against this claim.